UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHELINE PIERRE,<br><br>                     Plaintiff,<br><br>          -against-<br><br>JOHN DOE, ET AL. BRINKS INC.,<br><br>                     Defendant. | 1:24-CV-5974 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Katheline Pierre, of New York, New York, who appears *pro se*, brings this action invoking the court's diversity jurisdiction. She sues an unidentified "John Doe" defendant whom she alleges is a truck driver employed by Brinks, Inc., and is also a citizen of the Commonwealth of Virginia. Plaintiff seeks $5,000,000 in damages and injunctive relief, specifically, "legal disability accommodations to support [a] claim under Title I" of the Americans with Disabilities Act (ADA). (ECF 1, at 6.) Plaintiff asserts that her claims arise from an October 20, 2020 incident that occurred in Brooklyn, Kings County, New York, in which she was struck by a Brinks, Inc., truck driven by the defendant, and in which she suffered injuries as a result of that incident. The Court understands Plaintiff's complaint as asserting claims under state law under the court's diversity jurisdiction. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

The appropriate venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(b). Under that provision, unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if

there is no district in which an action may otherwise be brought as provided in
this section, any judicial district in which any defendant is subject to the court's
personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff seems to allege that the defendant may be a resident of Richmond, Virginia (ECF 1, at 5), which lies within the Eastern District of Virginia, *see* 28 U.S.C. § 127(a). Thus, the United States District Court for the Eastern District of Virginia, not this court,[1] appears to be a proper venue for this action under Section 1391(b)(1).

Plaintiff also alleges that a substantial portion of the events that are the bases for her claims occurred in Brooklyn, Kings County, New York (ECF 1, at 5), which lies within the Eastern District of New York, *see* 28 U.S.C. § 112(c). Thus, the United States District Court for the Eastern District of New York is a proper venue for this action under Section 1391(b)(2). In addition, because Plaintiff alleges that she was treated for her injuries arising from the abovementioned incident in a hospital in Manhattan (New York County) (*id.* at 6), within this judicial district, this court may also be a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In

---

[1] The judicial district for this court, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan);(2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. See 28 U.S.C. § 112(b).

determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. The vast majority of the alleged events that are the bases for Plaintiff's claims occurred in Brooklyn, Kings County, New York, within the Eastern District of New York. Thus, it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. The United States District Court for the Eastern District of New York, therefore, appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a) *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the

3

transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 14, 2024
         New York, New York

                                                  /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                           Chief United States District Judge